BANKERS TRUST COMPANY, a Nevada Corpora-
tion, HENRY GIROLA and DIANE LINK
GIROLA, Appelants, *v.* C. P. BORDWELL and
BETTY E. BORDWELL, PIONEER TITLE
INSURANCE COMPANY OF NEVADA, a
Nevada Corporation, Respondents.

No. 4629

November 21, 1963

386 P.2d 732

*Harry A. Busscher,* of Reno, for Appellants.

*Sidney W. Robinson* and *Chester C. Swobe,* of Reno,
for Respondents.

## O P I N I O N

By the Court, McNamee, J.:

Appellants were the plaintiffs below and the respondents were the defendants.

This is an action brought by the plaintiffs to enjoin the defendants from selling certain unimproved real estate located in the City of Reno pursuant to a power of sale contained in a deed of trust covering said property executed by Bankers Trust Company, as trustor, wherein Pioneer Title Insurance Company of Nevada is named trustee, and the Bordwells the beneficiaries. Said deed of trust secures money advanced to Bankers Trust Company by the Bordwells in the sum of $120,000. The plaintiffs Girola hold a second deed of trust against the same property given by Bankers Trust Company as security for its note to them in the sum of $184,864.82.

A temporary restraining order enjoining the sale issued at the commencement of the proceedings in the lower court was vacated and a motion for a preliminary injunction was denied. Appeal is from the order vacating the temporary restraining order and from the order denying plaintiffs' motion for a preliminary injunction (called temporary injunction in the court below).

Plaintiffs' sole assignment of error is that the court erred in vacating the temporary restraining order without granting plaintiffs' petition for a preliminary injunction. They argue that (1) defendants Bordwell after a default in the payments due under the first deed of trust orally agreed to extend the time of payment, and (2) they would suffer irreparable injury should the sale not be enjoined, because plaintiffs Girola would forever be deprived of any security under their second deed of trust, and the plaintiff Bankers Trust Company

would lose its equity in the property by a sale after which there would be no right of redemption.[1]

Plaintiffs' entire argument is based on the premise that there was an oral agreement to extend the time of payment and that the value of the property was greatly in excess of the amount due the Bordwells.

Although plaintiff Henry Girola did testify that there was an agreement to extend payment and did express his opinion as to the value of the real property which was more than the total due under both deeds of trust, defendant C. P. Bordwell denied that there was such an agreement for extension and defendants' expert witness testified that the property was worth $131,000. This latter estimate was based on a comparison with other sales in the vicinity.

The default of Bankers Trust Company continued for one year before the Bordwells recorded their notice of default on August 22, 1962. At that time there was owing to the Bordwells the principal sum of $120,000, plus the additional sum of $18,000 to $19,000 for accrued interest and unpaid taxes. The record shows that from the time of default the Bankers Trust Company made frequent promises to pay the accrued interest and delinquent taxes, but neglected so to do. Even after August 22, 1962 the Bordwells were assured by the appellants several times in November and December of 1962 that the Bordwell note would be satisfied substantially or in full not later than December 3, 1962. When no payment was made, the Bordwells, on January 19, 1963, commenced publication of the notice of sale. This action to enjoin the sale was commenced February 7, 1963.

The conflict in the evidence was resolved in favor of the defendants. There is no reason why they should not be permitted to sell the property under the first deed of trust.

---

[1] From time immemorial such "irreparable injury" has been the lot of mortgagors and trustors who have been unable to meet their obligations.

There is no foundation whatsoever for granting any relief to the plaintiffs.

Affirmed.

BADT, C. J., and THOMPSON, J., concur.