MOE FOX, Appellant, v. MILDRED L. MORRIS and TITLE INSURANCE & TRUST COMPANY, Respondents.

No. 6712

May 3, 1972                    496 P.2d 158

*Lester H. Berkson,* of Stateline, for Appellant.

*Lloyd V. Smith* and *Robinson & Cassas,* of Reno, for Respondents.

## OPINION

*Per Curiam:*

This appeal stems from an action brought by appellant to enjoin respondents from selling certain unimproved real estate pursuant to a power of sale contained in a deed of trust covering said property. A temporary restraining order enjoining

the proposed sale issued at the commencement of the proceedings in the lower court was vacated and appellant's motion for a preliminary injunction was denied. Appeal is from the order vacating the temporary restraining order and from the order denying appellant's motion for a preliminary injunction.

The appellant Moe Fox and respondent Mildred L. Morris are each the owners of an undivided one-third interest in unimproved real property located at Incline Village, Nevada. On July 10, 1970, appellant together with Gary Sanders, owner of the remaining one-third interest in the property, executed a promissory note for $80,312 in favor of respondent Morris. This note was secured by a deed of trust on the Incline Village property covering the two-thirds interest owned by appellant and Mr. Sanders.

The portion of the note pertinent to this appeal provides that "seventy-five thousand ($75,000) dollars shall be paid within sixty days of the date of this note or sooner, if a portion of the real property securing the note is sold; . . . ." No payments had been made on the note; nor had any portion of the property been sold at the time Morris filed her notice of default on December 21, 1970.

The trial court interpreted that clause in favor of respondent Morris, and determined that the $75,000 was to be paid within sixty days, even without a sale of the subject property, and that a default had occurred.

The ambiguity in the clause, if any, was resolved in favor of respondent Morris. We accept the court's interpretation of the provision calling for payment within sixty days and its finding that a default had occurred. Consequently, there is no reason why Morris should not be permitted to sell the property pursuant to the power of sale provision in the deed of trust. Bankers Trust Co. v. Bordwell, 79 Nev. 473, 386 P.2d 732 (1963). The decision of the lower court vacating the temporary restraining order and denying appellant's motion for a preliminary injunction is affirmed.